**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andrew Carlson,

Plaintiff,

v.

First Revenue Assurance,

Defendant.

Civil No. 02-209 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Thomas J. Lyons, Jr., Esq., Consumer Justice Center, 342 County Road D East, Little Canada, MN 55117, and Thomas J. Lyons, Esq., Lyons & Associates, 342 County Road D East, Little Canada, MN 55117, counsel for Plaintiff.

Brian M. Sund, Esq., and Jill N. Brown, Esq., Morrison Fenske & Sund, 5125 County Road 101, Suite 102, Minnetonka, MN 55345, counsel for Defendant.

---

## Introduction

The above-entitled matter is before the undersigned United States District Judge pursuant to Plaintiff's Rule 59(e) motion to alter or amend the judgment and Defendant's request for attorney fees. For the reasons stated below, both motions are denied.

## Discussion

### 1. Motion to Alter or Amend the Judgment

Plaintiff requests that the Court alter or amend its judgment as to Plaintiff's Fair Debt Collection Practices Act because, according to Plaintiff, the Court misapprehended the nature of the activities Defendant conducted in the State of Washington and misapprehended the law of the State of Minnesota. The Court does not agree. The Court has reviewed the record and its own

FILED FEB 05 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

decision rendered December 19, 2002, and the Court stands by its earlier decision. The act of being a bank customer is not a collection activity, and the actions taken by U.S. Bank on behalf of Defendant would appear to be exempted under the relevant definition of "collection agency." Moreover, the Court finds, as a matter of law, that there is nothing misleading about the notice sent to Plaintiff, specifically with respect to the question of whether Defendant engages in collection activities in the State of Washington.

Plaintiff further argues that the Court should amend or alter its judgment as to Plaintiff's claim for intrusion upon seclusion because, again, the Court has misapprehended the case law regarding this tort. The Court, again, disagrees. As noted in the Court's December 19, 2002, decision, another court in this District concluded, in *Bauer v. Ford Motor Credit Co.*, 149 F. Supp. 2d 1106 (D. Minn. 2001) ("*Bauer I*"), that contacts significantly greater in number and severity than the contacts at issue here were insufficient to support a claim of intrusion upon seclusion. Upon a motion for reconsideration, that same district court reevaluated the evidence before it and found that, *because of additional contextual factors*, the contacts were sufficient to support the tort claim. *See Bauer v. Ford Motor Credit Co.*, 149 F. Supp. 2d 1106 (D. Minn. 2001) ("*Bauer II*"). The *Bauer II* decision does not alter the district court's initial conclusion that the contacts themselves, in the absence of the aggravating contextual factors, would be sufficient to support a claim of intrusion upon seclusion, and the aggravating contextual factors that tipped the scales in favor of the plaintiff in the *Bauer* matter are not present here.

The aggravating contextual factors considered in *Bauer* were the numerous phone calls and letters sent to the defendant on behalf of the plaintiff by third-parties, including the local sheriff and the postmaster. Plaintiff in this matter asserts that the Court failed to adequately

consider evidence of similar contacts in the record of this case. That is simply not true. While the Court noted that Plaintiff's assertion that he contacted Defendant on numerous occasions was not supported beyond the verified Complaint, the Court nevertheless took those assertions as true when rendering its decision. The Court, taking those assertions as true, nevertheless found that the Plaintiff's statements on his own behalf were qualitatively different than the third-party representations relied upon by the court in *Bauer II.* Indeed, as this Court noted, the *Bauer II* court noted that "a reasonable person should expect that a company charged with collecting a delinquent account would display a certain degree of persistence when the person on the other end of the telephone [the alleged debtor] denies responsibility for a debt." *Bauer II*, 149 F. Supp. 2d at 1111. In other words, the *Bauer II* court implied that, had the representations come only from the debtor, they would not have so altered the context of the defendant's behavior as to render the inclusion upon seclusion claim viable.

**2. Attorney Fees**

Although the Court concluded that Plaintiff's claims were ultimately unavailing, the Court nevertheless concludes that the claims were not brought in bad faith. The Court declines to award attorney fees to the Defendant.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 26) is **DENIED**.
2. Defendant's request for attorney fees is **DENIED**.

Dated: February 5, 2003

DONOVAN W. FRANK
Judge of United States District Court